```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOIS M. ROSENBLATT, Public Administrator of      Docket No.:
Queens County, as Administrator of the Estate of
JEREMY BENNETT,
                                                 COMPLAINT
                        Plaintiff,

        -against-
                                                 Plaintiff Demands Trial By Jury

CITY OF NEW YORK, COUNTY OF NASSAU,
DYLAN JUDD, PAUL BRAUN, ROBERT
HAUBOLD, JOHN DOE 1, and JOHN DOE 2,

                        Defendants.
------------------------------------------------------------X
```

Plaintiff LOIS M. ROSENBLATT, Public Administrator of Queens County, as Administrator of the Estate of JEREMY BENNETT, as and for her Complaint in the above-captioned action, hereby alleges as follows, upon information and belief:

## Preliminary Statement

1. This action arises from the wrongful death of Jeremy Bennett on September 20, 2024. That night, he was a motorist in a vehicle and was subjected, without reasonable suspicion, to a seizure and ensuing car chase by officers of the New York City Police Department in Queens County. He crossed over into Nassau County, where Nassau County Police Officers commenced to chase him. His vehicle ultimately came to a full stop. Defendants Dylan Judd, Paul Braun, and/or Robert Haubold got out of their respective vehicles, drew their weapons, and within a short time span, began firing bullets into decedent's car. Decedent posed no danger to the officers or anyone else. He sustained severe gunshot wounds and ultimately succumbed to

1

his injuries. He suffered conscious pain and suffering, fear of impending death, and wrongful death. This action seeks to hold those responsible for the occurrence accountable.

## Jurisdiction and Venue

2. This action arises from violations of plaintiff's civil and constitutional rights by defendants DYLAN JUDD, PAUL BRAUN, ROBERT HAUBOLD, JOHN DOE 1, and JOHN DOE 2, and from negligent acts and/or omissions by defendants CITY OF NEW YORK and COUNTY OF NASSAU.

3. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This action arises, inter alia, under 42 U.S.C. § 1983 and §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. This Court has supplemental jurisdiction over plaintiff's claims arising under state law, including, but not limited to, for general negligence, because they are so related to the federal claims that they form part of the same case and/or controversy.

5. A substantial part of the events and/or omissions giving rise to the claims herein occurred in the County of Queens and County of Nassau, State of New York, and venue in the United States District Court for the Eastern District of New York is therefore proper.

## Parties and Background

6. On or about September 21, 2024, decedent JEREMY BENNETT died, leaving distributees surviving.

7. At all times herein mentioned, LOIS M. ROSENBLATT is the Public Administrator for Queens County, and is presently acting in such capacity.

8. On August 28, 2025, LOIS M. ROSENBLATT, in her capacity as Public Administrator, was appointed as the Administrator of the Estate of JEREMY BENNETT, by

order of the Honorable Peter J. Kelly of the Surrogate's Court, Queens County, and is presently acting in said capacity.

9. At all times herein mentioned, defendant DYLAN JUDD (hereinafter "JUDD") was employed by the County of Nassau as a Police Officer.

10. At all times herein mentioned, defendant PAUL BRAUN (hereinafter "BRAUN") was employed by the County of Nassau as a Police Officer.

11. At all times herein mentioned, defendant ROBERT HAUBOLD (hereinafter "HAUBOLD") was employed by the County of Nassau as a Police Officer.

12. At all times herein mentioned, defendant JOHN DOE 1 was employed by the City of New York as a Police Officer.

13. At all times herein mentioned, defendant JOHN DOE 2 was employed by the City of New York as a Police Officer.

14. At all times herein mentioned, defendant COUNTY OF NASSAU was and remains a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

15. At all times herein mentioned, defendant CITY OF NEW YORK was and remains a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

16. On October 31, 2024, Cheron Bennett, the decedent's mother, served a Notice of Claim, in writing, upon defendant COUNTY OF NASSAU, as Proposed Administrator of the Estate.

17. On November 8, 2025, Cheron Bennett, the decedent's mother, served a Notice of Claim, in writing, upon defendant CITY OF NEW YORK, as Proposed Administrator of the Estate.

18. On April 14, 2025, Cheron Bennett appeared for a hearing pursuant to General Municipal Law §50-h by defendant CITY OF NEW YORK.

19. On September 11, 2025, following her appointment, plaintiff LOIS M. ROSENBLATT, Public Administrator of Queens County, as Administrator of the Estate of JEREMY BENNETT, served an Amended Notice of Claim, in writing, upon the COUNTY OF NASSAU.

20. On September 12, 2025, following her appointment, plaintiff LOIS M. ROSENBLATT, Public Administrator of Queens County, as Administrator of the Estate of JEREMY BENNETT, served an Amended Notice of Claim, in writing, upon the CITY OF NEW YORK.

21. On November 12, 2025, Linda Kim, Esq., Deputy Public Administrator of Queens County, as designee of LOIS M. ROSENBLATT, appeared for a hearing pursuant to General Municipal Law §50-h by defendant CITY OF NEW YORK.

22. Defendant COUNTY OF NASSAU did not demand a hearing pursuant to General Municipal Law §50-h, and the time allotted to it by law to have done so has now lapsed; it has therefore waived any such hearing.[1]

23. More than thirty days have elapsed since the service of said Notices of Claim upon defendant COUNTY OF NASSAU and it and/or its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claims of the plaintiff herein.

---

[1] The County of Nassau declined to conduct a hearing of Cheron Bennett and then did not demand a hearing of the Public Administrator.

24. More than thirty days have elapsed since the service of said Notices of Claim upon defendant CITY OF NEW YORK and it and/or its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claims of the plaintiff herein.

25. Plaintiff undertook reasonably diligent efforts to identify officers JOHN DOE 1 and JOHN DOE 2, but said information is presently within the sole and exclusive custody of the defendants herein.

### As and For a First Cause of Action Pursuant to 42 U.S.C. §1983 against the Officer Defendants (Conscious Pain and Suffering and Fear of Impending Death)

26. On September 20, 2024, at approximately 11:15 p.m., decedent JEREMY BENNETT (hereinafter "decedent") was operating a motor vehicle in the County of Queens, State of New York.

27. On September 20, 2024, at approximately 11:15 p.m., decedent was lawfully operating a motor vehicle in the County of Queens, State of New York, and/or was seated therein, at and/or near the vicinity of Merrick Boulevard and Foch Boulevard.

28. At the aforesaid time and place, defendants JOHN DOE 1 and/or JOHN DOE 2 attempted to pull decedent over and/or otherwise effectuate a traffic stop.

29. JOHN DOE 1 and JOHN DOE 2 lacked probable cause to pull decedent over and/or otherwise to effectuate a traffic stop.

30. Defendants JOHN DOE 1 and JOHN DOE 2 effected an unlawful seizure of decedent.

31. At the aforesaid time and place, defendants JOHN DOE 1 and JOHN DOE 2 initiated a car chase of decedent's vehicle, in the absence of legally sufficient cause.

32. The car chase reached a high speed and continued over the County border, into the County of Nassau.

33. After decedent's vehicle left the County of Queens, responsibility was assumed by officers of the Nassau County Police Department.

34. The chase was assumed by defendants JUDD, BRAUN, and HAUBOLD, together with other officers of the Nassau County Police Department.

35. At approximately 11:31 p.m., defendant JUDD and other officers came upon decedent's stopped car, guns drawn, and broke his window, causing him to drive away in fear.

36. At approximately 11:36 p.m., decedent's vehicle came to a full and complete stop on or about Sunrise Highway in Massapequa, New York.

37. Defendants JUDD, BRAUN, and HAUBOLD brought the vehicles they were in to stops as well.

38. At this point, the chase was over.

39. Defendants JUDD, BRAUN, and HAUBOLD advanced on decedent's vehicle and fired a significant number of gunshots into the car.

40. Mere seconds elapsed between when defendants got out of their cars and when they began firing.

41. Decedent was unarmed and gave no indication that defendants could reasonably have interpreted to indicate he was armed.[2]

42. Decedent posed no threat to defendants JUDD, BRAUN, and HAUBOLD, any other officer, or any member of the public at the time at the time they got out of their cars and commenced shooting.

43. Under these circumstances, the use of force, let alone deadly force, was unnecessary, inappropriate, and objectively unreasonable.

---

[2] The video footage recorded by the respective defendants' body cameras is available at https://ag.ny.gov/osi/footage/jeremy-bennettis respectfully incorporated herein by reference.

44. At all times herein mentioned, defendants JUDD, BRAUN, HAUBOLD, JOHN DOE 1, and JOHN DOE 2 were acting under color of state law.

45. Defendants JOHN DOE 1 and JOHN DOE 2 violated decedent's clearly established rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments, by stopping his car and/or otherwise effecting a seizure in the absence of probable cause therefor.

46. Defendants JUDD, BRAUN, and HAUBOLD violated decedent's clearly established rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments, by subjecting him to force when it was objectively unreasonable to do so, and in the absence of any probable cause to believe he posed a significant threat of death or serious physical injury to any person.

47. Defendant JUDD, BRAUN, and HAUBOLD violated decedent's clearly established rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments, by subjecting him to deadly force when it was objectively unreasonable to do so, and in the absence of any probable cause to believe he posed a significant threat of death or serious physical injury to any person.

48. Defendants JUDD, BRAUN, and HAUBOLD, JOHN DOE 1, and JOHN DOE 2, under color of state law, subjected decedent to the foregoing acts and omissions in violation of 42 U.S.C. §1983, thereby depriving him of rights, privileges, and immunities secured by the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

49. As a result of the foregoing, decedent was caused to sustain severe, serious, and permanent personal injuries, conscious pain and suffering, and fear of impending death.

50. By reason of the foregoing, decedent's Estate has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

51. Plaintiff further claims punitive damages against defendants JUDD, BRAUN, and HAUBOLD in amounts to be assessed by a jury.

52. Plaintiff further claims attorney's fees, pursuant, inter alia, to 42 U.S.C. §1988.

**As and For a Second Cause of Action Pursuant to 42 U.S.C. §1983 against the Officer Defendants (Wrongful Death)**

53. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs 1 through 52 as though set forth more fully herein.

54. Defendants JUDD, BRAUN, HAUBOLD, JOHN DOE 1, and JOHN DOE 2, under color of state law, subjected the decedent to the foregoing acts and omissions in violation of 42 U.S.C. §1983, thereby depriving him of rights, privileges, and immunities secured by the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

55. As a result of the foregoing, decedent was caused to suffer wrongful death.

56. By reason of the foregoing, plaintiff has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

57. Plaintiff further claims punitive damages against defendants JUDD, BRAUN, and HAUBOLD in amounts to be assessed by a jury.

58. Plaintiff further claims attorney's fees, pursuant, inter alia, to 42 U.S.C. §1988.

**As and For a Third Cause of Action For Negligence Against CITY OF NEW YORK (Conscious Pain and Suffering and Fear of Impending Death)**

59. Plaintiff repeats, reiterates, and realleges the allegations set forth in items 1 through 58 as though more fully set forth herein.

60. At all times herein mentioned, defendants JOHN DOE 1 and JOHN DOE 2 were acting within the scope of their employment with, and/or engagement by, defendant CITY OF NEW YORK.

61. On September 20, 2024, at approximately 11:15 p.m., defendants JOHN DOE 1 and JOHN DOE 2, in their capacities as officers of defendant CITY OF NEW YORK initiated a traffic stop and/or police chase of decedent's vehicle.

62. The aforesaid stop was conducted and/or the chase was initiated in the absence of any reasonable suspicion that a crime had been committed and/or when circumstances did not warrant same.

63. Defendant CITY OF NEW YORK, through its agents, servants, and/or employees, started and/or continued the aforesaid chase when it was unsafe to do so and/or when continuing said chase was disproportionate to and/or otherwise unjustified by any criminal conduct believed to have been committed.

64. Defendant CITY OF NEW YORK, through its agents, servants, and/or employees, operated their vehicle in a negligent, careless, and/or reckless manner, including, but not limited to, in pursuing a high-speed chase when it was unsafe to do so and/or failing to abort same.

65. Defendant CITY OF NEW YORK, by and through its employees, was careless, reckless, and negligent, in that they initiated a vehicular chase when it was unsafe to do so; continued and/or failed to abort a chase when it was unsafe; violated their own guidelines for when chases are supposed to be initiated, continued and/or abandoned; continued a chase in reckless disregard for the safety of others, including, but not limited to, the decedent herein;

failed to provide accurate, complete, and/or otherwise sufficient information to officers who assumed the chase; and otherwise caused and/or contributed to the subject occurrence.

66. The aforesaid negligence and/or recklessness on the part of defendant CITY OF NEW YORK proximately caused the subject occurrence.

67. As a result of the foregoing, decedent was caused to sustain severe, serious, and permanent personal injuries, conscious pain and suffering, and fear of impending death.

68. By reason of the foregoing, decedent's Estate has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

### As and For a Fourth Cause of Action For Negligence Against CITY OF NEW YORK (Wrongful Death)

69. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs 1 through 68 as though set forth more fully herein.

70. As a result of the foregoing, decedent was caused to suffer wrongful death.

71. Decedent's wrongful death was proximately caused by the carelessness, recklessness, and/or negligence of defendant CITY OF NEW YORK.

72. By reason of the foregoing, plaintiff has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

### As and For a Fifth Cause of Action For Negligence Against COUNTY OF NASSAU(Conscious Pain and Suffering and Fear of Impending Death)

73. Plaintiff repeats, reiterates, and realleges the allegations set forth in items 1 through 72 as though more fully set forth herein.

74. At all times herein mentioned, defendants JUDD, BRAUN, HAUBOLD, and such other and further officers of the County of Nassau Police Department involved in the pursuit of

decedent's vehicle were acting within the scope of their employment with, and/or engagement by, defendant COUNTY OF NASSAU.

75. Defendant COUNTY OF NASSAU, through its agents, servants, and/or employees, continued the aforesaid chase of decedent when it was unsafe to do so and/or when continuing said chase was disproportionate to and/or otherwise unjustified by any criminal conduct believed to have been committed.

76. Defendant COUNTY OF NASSAU, through its agents, servants, and/or employees, operated its vehicles in a negligent, careless, and/or reckless manner, including, but not limited to in pursuing a high-speed chase when it was unsafe to do so and/or failing to abort same.

77. Defendant COUNTY OF NASSAU, its agents, servants, and/or employees, including JUDD, BRAUN, and HAUBOLD were careless, reckless, and negligent in initiating and/or continuing a high speed vehicular chase when it was unsafe to do so and/or in the absence of legally sufficient cause; failing to abort the vehicle chase when it was unsafe; violating its own guidelines and/or good and accepted standards of police practice for when chases are supposed to be initiated, continued, and/or abandoned; continuing the vehicle chase in reckless disregard for the safety others, including, but not limited to, the decedent herein; causing decedent to come to a stop under circumstances representing a threat to his safety; getting out of patrol cars and approaching decedent's vehicle with drawn weapons; initiating force, including by discharging weapons, under inappropriate circumstances; in using excessive force, including deadly force; in shooting the decedent and causing his death, when no reasonable officer would have believed under the circumstances it was appropriate to do so; in making negligent use of force; in failing

11

to intervene; in negligently training and/or retaining its officers; and in otherwise causing, allowing, and permitting the subject occurrence herein.

78. The aforesaid negligence and/or recklessness on the part of defendant COUNTY OF NASSAU proximately caused the subject occurrence.

79. As a result of the foregoing, decedent was caused to sustain severe, serious, and permanent personal injuries, conscious pain and suffering, and fear of impending death.

80. By reason of the foregoing, decedent's Estate has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

### As and For a Sixth Cause of Action For Negligence Against COUNTY OF NASSAU (Wrongful Death)

81. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs 1 through 80 as though set forth more fully herein.

82. As a result of the foregoing, decedent was caused to suffer wrongful death.

83. Decedent's wrongful death was proximately caused by the carelessness, recklessness, and/or negligence of defendant COUNTY OF NASSAU.

84. By reason of the foregoing, plaintiff has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

### Conclusion

WHEREFORE, plaintiff demands judgment against defendants CITY OF NEW YORK, COUNTY OF NASSAU, DYLAN JUDD, PAUL BRAUN, ROBERT HAUBOLD, JOHN DOE 1, and JOHN DOE 2 in the sum of TWENTY MILLION DOLLARS ($20,000,000); punitive damages against defendants DYLAN JUDD, PAUL BRAUN, and ROBERT HAUBOLD; attorney's fees, pursuant to 42 U.S.C. §1988; the costs and disbursements herein; and such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
       November 13, 2025

                            Yours, etc.,

                            KELNER & KELNER, ESQS.
                            *Attorneys for Plaintiff Lois M. Rosenblatt,*
                            *Public Administrator of Queens County, as Administrator*
                            *of the Estate of Jeremy Bennett*

                            By:_____
                                Joshua D. Kelner (JK-3303)
                            7 World Trade Center, Suite 2700
                            New York, New York 10007
                            (212) 425-0700